United States District Court

Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DENNIS BRUCE ALLUMS, | Case No. 25-cv-08837-LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| BAY AREA RAPID TRANSIT, | Re: ECF No. 29 |
| Defendant. | |

**INTRODUCTION**

This is a disability-discrimination lawsuit against BART after its employees' acts allegedly impeded the plaintiff's access to transit services. In earlier orders, the court allowed the federal ADA and Rehabilitation Act claims to proceed and — for the Unruh Act and negligence claims — allowed the plaintiff to assert additional facts about whether the plaintiff complied with the Government Claims Act.[1] The defendant moved to dismiss the state claims for noncompliance with the Government Claims Act and for failure to state a claim.[2] Because BART did not notify the plaintiff of the deficiencies in his claim, the defense is waived. The Unruh Act claim survives

---

[1] Order – ECF No. 24 at 2–4; Order – ECF No. 32 at 1–2 (the plaintiff is not pursuing civil-rights and other state claims). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 29.

because it is predicated on a viable ADA claim. The negligence claim survives too: a pro se plaintiff need only allege facts (not a legal theory), and the plaintiff sufficiently alleged BART's negligence (even though he did not plead a precise legal theory).

**STATEMENT**

The plaintiff, a sixty-five-year-old individual with cardiac and neurological disabilities, alleged that on April 28, 2025, at the El Cerrito BART station, a BART station agent seized his Clipper card, mocked him after he explained his disability-related memory impairments, and denied him access to transit services.[3] Because the plaintiff filed several documents, the court construed them together as the operative complaint.[4] Collectively, they describe the plaintiff's efforts to submit his claim to BART under the Government Claims Act.

On May 5, 2025, the plaintiff emailed a letter describing the April 28 events (mirroring the account in his complaint) and alleging violations of the ADA, the Unruh Act, and negligence.[5] He provided his name, address, telephone number, and email address.[6] The claim explained the plaintiff's disability and provided a summary of the April 28 incident.[7] He described his damages: emotional distress and humiliation, lost transit fare, emergency medical-treatment expenses, three nights' insomnia, worsening of his physical condition due to stress, and a violation of his civil and constitutional rights. He asked for a formal written apology, a refund to his Clipper card for the improperly charged trips, an investigation into the training and conduct of the BART station agent and responding BART police officers, a written assurance that BART would implement or reinforce ADA training and compliance, assistance from BART's ADA compliance officer to prevent recurrence of his treatment, and an "[e]valuation for potential civil settlement in light of

---

[3] Order – ECF No. 24 at 3–4. The earlier orders are incorporated herein by this reference.

[4] Order – ECF No. 32.

[5] Email, Ex. to Req. for Jud. Notice – ECF No. 22 at 7–9 (also claimed the other violations that the court dismissed in ECF No. 24). The court grants the unopposed motion for judicial notice.

[6] *Id.* at 7.

[7] *Id.* at 7–8.

ORDER – No. 25-cv-08837-LB                    2

physical, emotional and financial harm."[8] He concluded, "Please consider this letter **a formal government tort and ADA complaint**. I reserve all rights to file with the **Department of Transportation, Federal Transit Administration**, or to pursue **civil action** in state or federal court should this matter not be resolved administratively." He asked for a response within fifteen business days.[9]

BART sent an automated response on May 12, 2025, saying it had opened a file and a customer-service representative would respond.[10] That day, the Acting Director of Customer Access and Accessibility sent an email. He thanked the plaintiff for sharing his experience, said that he was "sorry to hear that your experience caused you to feel distress and humiliation," and said that BART would investigate the occurrence and (based on the findings) take appropriate corrective action. He said that all station agents were trained on disability sensitivity and ADA compliance and were expected to be courteous and respectful at all times. He then said,

> Regarding the request for a refund to your Clipper card, could you please help us better understand the request? Based on your report, it sounds like BART Police have already provided you with a credit for a round-trip BART fare to offset the fare that was charged to your Clipper card. Please let us know if you feel that you are still due a refund.[11]

The plaintiff then sent several emails on March 13, 2025, essentially saying that he didn't remember because he went to the hospital for five hours and characterizing what happened as stealing his money.[12] Then, on December 6, 2025, he sent a message saying that he had no response to his emails or his accusation that what happened was a theft.[13]

On July 18, 2025, in a letter sent to the mailing address that the plaintiff gave on his claim form, BART characterized the claim as being submitted on June 3, 2025 (as opposed to the May 5, 2025, date on the email), rejected it "by operation of law," and advised the plaintiff that he had six

---

[8] *Id.* at 8–9.

[9] *Id.* at 9.

[10] *Id.*

[11] *Id.* at 6.

[12] *Id.* at 10–11.

[13] *Id.* at 11.

ORDER – No. 25-cv-08837-LB                3

months to file a lawsuit.[14] The plaintiff filed this suit on October 15, 2025, seeking compensatory damages of $250,000 and other non-monetary relief.[15]

BART moved to dismiss the complaint on grounds that (1) the plaintiff abandoned his viable federal claims by supplementing his complaint under Federal Rule of Civil Procedure 15(d), as opposed to amending it, (2) the plaintiff did not comply with the Government Claims Act, and (3) the plaintiff failed to state viable Unruh Act and negligence claims.[16] The court denied the motion as to ground one.[17] The court can decide grounds two and three without oral argument. Civil L. R. 7-1(b). All parties consented to magistrate-judge jurisdiction.[18]

## ANALYSIS

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It may fail by lacking a cognizable legal theory or sufficient facts under one. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts factual allegations as true and construes them favorable to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). But allegations must state a plausible claim. *Twombly*, 550 U.S. at 570. A pro se complaint is construed liberally, and the plaintiff need only allege facts — not specific legal theories — that, if true, would entitle him to relief. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

The issues are whether the plaintiff complied with the Government Claims Act, and, if so, whether he states Unruh Act or negligence claims.

---

[14] Letter – ECF No. 27 at 5.

[15] Compl. – ECF No. 1 at 10–11.

[16] Mot. – ECF No. 29 at 2.

[17] Order – ECF No. 32.

[18] Consents – ECF Nos. 13, 16, 23.

**1. Compliance with Government Claims Act**

The California Government Claims Act requires a party seeking to recover money damages from a public entity or its employees to present a claim within six months after accrual of the claim to the entity before filing suit in court. Cal. Gov't Code § 911.2(a). Compliance with the claim-presentation requirement is mandatory and is a condition precedent to suit. *Id.* § 945.4; *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). The claim must include (a) the claimant's name and post office address; (b) the post office address to which notices should be sent; (c) the date, place and other circumstances of the occurrence or transaction that gave rise to the claim asserted; (d) a general description of the indebtedness, obligation, injury, damage or loss incurred; (e) the names of the public employees causing the injury, damage, or loss, if known; and (f) the amount claimed if it totals less than ten thousand dollars, or else whether the claim would be a limited civil case. Cal. Gov't Code § 910.

A claim "is sufficient if it substantially complies with the statutory requirements, interpreted to mean merely *some* compliance with *all* the statutory requirements such that the public entity is on notice and can adequately investigate the merits of the claim." *Cabrera v. Alvarez*, 977 F. Supp. 2d 969, 980 (N.D. Cal. 2013). "However, the doctrine of substantial compliance cannot cure the 'total omission of an essential element from the claim, or remedy a plaintiff's failure to comply meaningfully with the statute.'" *Gen. Sec. Servs. Corp. v. County of Fresno*, 815 F. Supp. 2d 1123, 1133 (E.D. Cal. 2011) (quoting *Sparks v. Kern Cnty. Bd. of Supervisors*, 173 Cal. App. 4th 794, 800 (2009), *as modified* (May 13, 2009)).

A "claim as presented" is a claim that fails to comply substantially with the requirements of the Government Claims Act, "but nonetheless puts the public entity on notice that the claimant is attempting to file a valid claim and that litigation will result if it is not paid or otherwise resolved." *All. Fin. v. City & County of San Francisco*, 64 Cal. App. 4th 635, 643 (1998). Once a claimant submits a "claim as presented," the governmental entity has a duty to notify the claimant of any defects or omissions in the claim, and a failure to do so waives any defense as to the claim's sufficiency. *Id.*

United States District Court
Northern District of California

BART contends that its denial seemingly is for a different claim (filed on June 3, 2025, not May 5, 2025, the claim that is the predicate for the lawsuit here).[19] But it does not provide any foundation for that assertion (other than the date on the denial). It also contends that the plaintiff did not provide a post-office address, didn't state whether the amount was less than (or exceeded) $10,000, or could be filed as a limited civil case.[20] The plaintiff provided his address, described his injuries, and asserted his damages. Even assuming that the claim form is deficient for failing to specify damages more particularly or specify whether it could be a limited civil case, BART was required to notify the plaintiff of any deficiencies or else waive them. *Id.* It did not do so.

### 2. Unruh Act Claim

The court held previously that the plaintiff plausibly pleaded an ADA claim.[21]  "[A] violation of the ADA is, per se, a violation of the Unruh Act." *Huynh v. Bracamontes*, No. 5:16-cv-01457-HRL, 2016 WL 3683048, at *3 (N.D. Cal. July 12, 2016) (citing *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004); Cal. Civ. Code § 51(f)).

### 3. Negligence

Under California law, "[a] public entity is not liable for an injury" unless "otherwise provided by statute." Cal. Gov't Code § 815(a). "To hold a public entity directly liable for a tort-like negligence, the injured party must 'identify a specific statute declaring the entity to be liable, or at least creating some specific duty of care by the agency in favor of the injured party.'" *West v. Santa Clara Valley Transp. Auth.*, No. 23-cv-04554-NC, 2025 WL 2578213, at *6 (N.D. Cal. Sep. 5, 2025) (quoting *Koussaya v. City of Stockton*, 54 Cal. App. 5th 909, 943 (2020)).

BART contends that the negligence claims should be dismissed because public entities are not liable for negligence in the absence of a specific statutory basis for liability, and the complaint

---

[19] Mot. – ECF No. 29 at 5; Reply – ECF No. 31 at 3.

[20] Mot. – ECF No. 29 at 9.

[21] Order – ECF No. 24 at 5–8, 11.

failed to plead such statute.[22] The plaintiff counters that Cal. Gov't Code § 815.2(a) makes public entities liable for injuries proximately caused by employees acting within the scope of employment, and that under Cal. Civ. Code § 2100, BART owes its passengers the "utmost care and diligence."[23]

Pro se plaintiffs need only plead facts showing some entitlement to relief, not specific legal theories. *Hughes*, 449 U.S. at 9; *Hearns*, 413 F.3d at 1040–41, 1043. The plaintiff's supplement states that BART owed him "a duty of reasonable care as a public transit provider and common carrier."[24] This sufficiently describes the duty of care codified in Cal. Civ. Code § 2100 and put BART on notice of the basis for the plaintiff's claim. The negligence claim survives.

## CONCLUSION

The motion to dismiss is denied. This resolves ECF No. 29.

**IT IS SO ORDERED.**

Dated: March 25, 2026

_____
LAUREL BEELER
United States Magistrate Judge

---

[22] Mot. – ECF No. 29 at 7, 9–10.

[23] Opp'n – ECF No. 30 at 5. The plaintiff also notes that Cal. Gov't Code § 820(a) holds public employees liable for their own tortious conduct. *Id.* Because there are no individual defendants, this statute does not apply here.

[24] Suppl. Compl. – ECF No. 27 at 2 (¶ 16).

United States District Court
Northern District of California